McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
Hagop T. Bedoyan, #131285
  *hagop.bedoyan@mccormickbarstow.com*
Mart B. Oller IV, #149186
  *marty.oller@mccormickbarstow.com*
Garrett R. Leatham, #333362
  *garrett.leatham@mccormickbarstow.com*
Garrett J. Wade, #340285
  *garrett.wade@mccormickbarstow.com*
7647 North Fresno Street
Fresno, California 93720
Telephone:     (559) 433-1300
Facsimile:     (559) 433-2300

Proposed Attorneys for the Debtor,
The Roman Catholic Bishop of Fresno

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| In re<br><br>THE ROMAN CATHOLIC BISHOP OF FRESNO,<br><br>Debtor-In-Possession | Case No. 25-12231-B-11<br><br>Chapter 11<br><br>DC No.: MB-03<br><br>Hearing<br>Date:     July 7, 2025<br>Time:     10:30 a.m.<br>Place:    Courtroom 13 (Dept. B), Fifth Floor<br>              United States Bankruptcy Court<br>              2500 Tulare Street<br>              Fresno, CA 93721<br><br>Judge:    Hon. René Lastreto II<br><br>*Order Shortening Time* |

**EXHIBITS IN SUPPORT OF THE DEBTOR'S MOTION FOR ORDER
(1) AUTHORIZING THE DEBTOR TO (A) PAY PREPETITION WAGES,
SALARIES, AND EMPLOYEE EXPENSES, AND (B) PAY ACCRUED EMPLOYEE
BENEFITS AND TAXES; AND (2) DIRECTING BANKS TO HONOR ALL
CHECKS AND ELECTRONIC FUND TRANSFER REQUESTS**

The Roman Catholic Bishop of Fresno (the "Debtor" or "RCBF"), the debtor and debtor in

possession in the above-captioned bankruptcy case, hereby submits the following exhibits in support

of the Debtor's *Motion For Order (1) Authorizing the Debtor to (A) Pay Prepetition Wages,*

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

1

EXHIBITS IN SUPPORT OF THE DEBTOR'S PRIORITY WAGES FIRST DAY MOTION

1  *Salaries, and Employee Expenses, and (B) Pay Accrued Employee Benefits and Taxes; and (2)*

2  *Directing Banks to Honor All Checks and Electronic Fund Transfer Requests*:

| Exhibit | Description | Pages |
|---|---|---|
| A | [*Proposed*] Order Granting Motion For Order (1) Authorizing Payment of Prepetition Wages, Salaries, and Employee Expenses; (2) To Pay Accrued Employee Benefits and Taxes; and (3) Directing Banks to Honor All Checks and Electronic Fund Transfer Requests | 3-8 |

Dated:  July 1, 2025

McCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH LLP

By: _____

Hagop T. Bedoyan
Mart B. Oller IV
Garrett R. Leatham
Garrett J. Wade
Proposed Attorneys for the Debtor,
The Roman Catholic Bishop of Fresno

018621-000165 11806327.1

EXHIBIT 'A'

1   McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
2   Hagop T. Bedoyan, #131285
    *hagop.bedoyan@mccormickbarstow.com*
3   Mart B. Oller IV, #149186
    *marty.oller@mccormickbarstow.com*
4   Garrett R. Leatham, #333362
    *garrett.leatham@mccormickbarstow.com*
5   Garrett J. Wade, #340285
    *garrett.wade@mccormickbarstow.com*
6   7647 North Fresno Street
Fresno, California 93720
7   Telephone:     (559) 433-1300
Facsimile:     (559) 433-2300
8

Proposed Attorneys for the Debtor,
9   The Roman Catholic Bishop of Fresno

10

11                UNITED STATES BANKRUPTCY COURT

12         EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| 13   In re | Case No. 25- |
| 14   THE ROMAN CATHOLIC BISHOP OF FRESNO, | Chapter 11 |
| 15 | DC No.: MB-03 |
|       Debtor-In-Possession | |
| 16 | Hearing |
| 17 | Date:     July 7, 2025<br>Time:     10:30 a.m. |
| 18 | Place:     Courtroom 13 (Dept. B) Fifth Floor<br>        United States Bankruptcy Court |
| 19 |         2500 Tulare Street<br>        Fresno, CA 93721 |
| 20 | Judge:     Hon. René Lastreto II |
| 21 | *Order Shortening Time* |

22

23   **ORDER GRANTING THE DEBTOR'S MOTION FOR ORDER (1) AUTHORIZING THE DEBTOR TO (A) PAY PREPETITION WAGES, SALARIES, AND EMPLOYEE**
24   **EXPENSES, AND (B) PAY ACCRUED EMPLOYEE BENEFITS AND TAXES; AND (2) DIRECTING BANKS TO HONOR ALL CHECKS AND**
25   **ELECTRONIC FUND TRANSFER REQUESTS**

26      The motion of The Roman Catholic Bishop of Fresno (the "Debtor"), for an order (1)

27   authorizing payment of prepetition wages, salaries, and employee expenses; (2) to pay accrued

28   employee benefits and taxes; and (3) directing banks to honor all checks and electronic fund transfer

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

1

ORDER GRANTING THE DEBTOR'S PRIORITY WAGES FIRST DAY MOTION

1   requests (the "Motion") came on for hearing on an interim basis on July 7, 2025, at 10:30 a.m. before

2   the Honorable René Lastreto II in Courtroom 13 of the United States Bankruptcy Court for the

3   Eastern District of California. The Debtor appeared through its counsel, Hagop T. Bedoyan of

4   McCormick, Barstow, Sheppard, Wayte & Carruth LLP. Other appearances were noted on the

5   record. All capitalized terms used but not defined in this Order shall have the meanings given to

6   them in the Motion.

7      The Court, having considered the *Declaration of Cynthia Martin in Support of Chapter 11*

8   *Petition and First Day Motions* ("Martin Background Decl."), the *Declaration of Cynthia Martin* in

9   support of this Motion ("Martin Decl."), the *Declaration of Mart B. Oller, IV, in Support of Chapter*

10   *11 Petition and First Day Motions* ("Oller Background Decl."), and the matters reflected in the

11   record of the hearing, and the Court having found that it has jurisdiction over this proceeding; that

12   this is a core proceeding; that notice of the Motion has been given to the Office of the United States

13   Trustee, the twenty (20) largest unsecured creditors, all secured creditors (if any), and any applicable

14   governmental entities; that no further notice is necessary; the Court finding that there is good cause

15   for entry of an immediate interim order pursuant to Fed. R. Bankr. P. 6003 to the extent applicable,

16   and that ample cause exists to grant waiver of the 14-day stay imposed by Fed. R. Bankr. P. 6004(h)

17   to the extent applicable; that the relief sought in this Motion is in the best interests of the Debtor, its

18   estate, and its creditors, and that good and sufficient cause exists for such relief,

19      **IT IS HEREBY ORDERED** as follows:

20      1.     The Motion is GRANTED on an interim basis as provided herein.

21      2.     The Debtor is authorized, but not directed, to pay to its Employees or on behalf of its

22   Employees all Employee Obligations, Employee Deductions, and Employee Expenses that have

23   accrued by virtue of the services rendered by its Employees prior to the Petition Date up to the

24   amounts entitled to priority claim status under 11 U.S.C. § 507(a). The Employee Obligations,

25   Employee Deductions, and Employee Expenses that the Debtor is authorized to pay are described

26   in the Motion and include, without limitation, the following: wages, salary, retirement, healthcare,

27   and other benefit programs up to the amount entitled to priority claim status under 11 U.S.C.

28   § 507(a).

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

2

ORDER GRANTING THE DEBTOR'S PRIORITY WAGES FIRST DAY MOTION

3.     The Debtor is authorized, but not directed, to pay all local, state, and federal withholding and payroll taxes (including those accrued for pre-petition periods) or have such taxes paid by third-party payroll administrators and pay related employment expenses for unemployment claims/taxes and payroll processing fees.

4.     The Debtor is authorized, but not directed, to continue its practices, programs, and policies in effect as of the Petition Date as described in the Motion, including with respect to all Employee Obligations (including allowing employees to use time off accrued, but unused, as of the Petition Date) up to the amounts entitled to priority claim status under the provisions of 11 U.S.C. § 507(a) and administering payroll for the Payroll Participating Entities and insurance for the Health Insurance Participating Entities.

5.     The Debtor is authorized to pay, upon termination of employment, the value of all unused PTO accrued within 180 days prior to the Petition Date provided that the amounts of unused PTO for any such terminated employee do not exceed the priority cap of $17,150 per claim in 11 U.S.C. § 504(a)(4)(A), less prepetition Employee Compensation otherwise paid pursuant to paragraph 2 of this Order, except for reimbursement of prepetition Employee Expenses.

6.     The banks at which the Debtor maintains accounts from which the Debtor's payroll obligations are disbursed and all other banks or lending institutions maintaining payroll and employee benefits accounts are authorized and directed to honor and pay all prepetition and postpetition checks issued or to be issued and fund transfers requested or to be requested by the Debtor in respect of the Employee Obligations, Employee Deductions, and Employee Expenses and related employment expenses for unemployment claims/taxes and payroll processing fees.

7.     The Debtor is authorized, but not directed, to issue new postpetition checks or fund transfer requests with respect to prepetition obligations that may have been dishonored by the banks relating to the Employee Obligations, Employee Deductions, and Employee Expenses, if necessary, to the extent such are up to the amounts entitled to priority claim status under 11 U.S.C. § 507(a).

8.     The Debtor is authorized, but not directed, to continue to administer the Employee Benefits, Employee Deductions, Health Plans, and Retirement Plans.

/ / /

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

ORDER GRANTING THE DEBTOR'S PRIORITY WAGES FIRST DAY MOTION

9.　　　Nothing in this Order authorizes the Debtor to make any payments that benefit, directly or indirectly, any credibly accused perpetrator of abuse, whether for wages, support, housing, prepetition claims, retirement, or otherwise, except for vested pension benefits to which the Debtor has no discretion, that are paid consistent with the Debtor's past practices.

10.　　　The Debtor shall provide the U.S. Trustee a list of any Employees to be paid prepetition wages or expense reimbursement under this Order including accrual dates and amounts to be paid to each Employee and shall file with the Court a summary of the information. If the U.S. Trustee notifies the Debtor within three business days that it objects to the payment of any prepetition expense reimbursement, the Debtor shall not reimburse the business expense and may seek court authorization to reimburse the expenses at the final hearing on this Motion or at another time.

11.　　　This Order shall be immediately effective and enforceable upon entry. To the extent the fourteen (14) day stay of Fed. R. Bankr. P. 6004(h) may be construed to apply to the subject matter of this Interim Order, such stay is hereby waived.

12.　　　The final hearing on this Motion shall be heard on _____, 2025, at _____. Opposition, if any, to the granting of the Motion on a final basis shall be filed by _____, 2025, with the Clerk of the Bankruptcy Court and served upon counsel for the Debtor, counsel to the secured creditors (if any), the Office of the United States Trustee for the Eastern District of California, and counsel to any statutory committee(s) appointed in this case. The Debtor's reply to any opposition may be filed in advance of or raised at the hearing. If no objections are filed to the Motion, the Court may enter the Final Order without further notice or hearing.

13.　　　Counsel for the Debtor is directed to serve a copy of this Order on all parties on the Limited Service List as defined in the Debtor's *Motion for Order Establishing Notice Procedures and to File Confidential Information Under Seal* on file herein within three (3) court days of the entry of this Order and to file a certificate of service with the Clerk of the Court.

14.　　　Notwithstanding the relief granted herein and any actions taken pursuant hereto, nothing herein shall be deemed: (i) an admission as to the validity of any claim against the Debtor;

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

4

ORDER GRANTING THE DEBTOR'S PRIORITY WAGES FIRST DAY MOTION

1  (ii) waiver of the Debtor's rights to dispute any claim on any grounds; (iii) a promise or requirement

2  to pay any claim; (vi) an implication or admission that any particular claim is of a type specified or

3  defined hereunder; (v) a request or authorization to assume any agreement, contract, or lease

4  pursuant to 11 U.S.C. § 365; or (vi) a waiver of the Debtor's rights under the Bankruptcy Code or

5  any other applicable law.

6       15.    The Debtor and its employees and agents are authorized to take or refrain from taking

7  such acts as necessary and appropriate to implement and effectuate the relief granted herein.

8       16.    Any applicable stay of this Order pursuant to Fed. R. Bankr. P. 6004 is hereby waived

9  to the extent necessary to comply with this Order.

10       17.    The Court shall retain jurisdiction over all matters arising from or related to the

11  interpretation or implementation of this Order.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  018621-000165 11806329.1

28

5

ORDER GRANTING THE DEBTOR'S PRIORITY WAGES FIRST DAY MOTION