McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
Hagop T. Bedoyan, #131285
  *hagop.bedoyan@mccormickbarstow.com*
Mart B. Oller IV, #149186
  *marty.oller@mccormickbarstow.com*
Garrett R. Leatham, #333362
  *garrett.leatham@mccormickbarstow.com*
Garrett J. Wade, #340285
  *garrett.wade@mccormickbarstow.com*
7647 North Fresno Street
Fresno, California 93720
Telephone:  (559) 433-1300
Facsimile:  (559) 433-2300

Proposed Attorneys for the Debtor,
The Roman Catholic Bishop of Fresno

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| In re<br><br>THE ROMAN CATHOLIC BISHOP OF FRESNO,<br><br>        Debtor in Possession | Case No. 25-12231-B-11<br><br>Chapter 11<br><br>DCN.:  MB-01 (Omnibus Notice Appl.),<br>        MB-02 (Cash Management Motion),<br>        MB-03 (Priority Wage Claims Motion),<br>        MB-04 (Insurance Programs Motion),<br>        MB-05 (Utilities Motion),<br>        MB-06 (Limit Notice Motion),<br>        MB-07 (Victim Assistance Motion), and<br>        MB-08 (Claims/Noticing Agent Motion)<br><br>Date:  July 7, 2025<br>Time:  10:30 a.m.<br>Place:  Courtroom 13 (Dept. B), Fifth Floor<br>       United States Bankruptcy Court<br>       2500 Tulare Street<br>       Fresno, CA 93721<br><br>Judge:  Hon. René Lastreto II |

**OMNIBUS NOTICE OF HEARING ON THE
<u>DEBTOR'S FIRST DAY MOTIONS</u>**

**TO ALL INTERESTED PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKEN NOTICE** that The Roman Catholic Bishop of Fresno, a California corporation sole (the "Debtor" or "RCBF"), the debtor and debtor in possession in the above-captioned case, has filed eight motions (the "First Day Motions") seeking immediate relief relating to critical operational issues. A summary of each of the First Day Motions and the relief sought is set forth below.

**NOTICE IS FURTHER GIVEN** that pursuant to the Court's order shortening time, hearings on the First Day Motions are scheduled for **July 7, 2025 at 10:30 a.m.** (the "First Day Hearings") before the Honorable René Lastreto, II, at the United States Bankruptcy Court, Eastern District of California, Fresno Division, Department B, located at 2500 Tulare Street, Courtroom 13, Fifth Floor, Fresno, California 93721. At the First Day Hearings, the Court will hear and consider approval of the interim relief requested in the First Day Motions. Additionally, the Debtor is requesting that the Court set final hearings of any interim relief granted at the First Day Hearings. You will be provided notice of the date of any further or final hearings on the First Day Motions at a later time.

**NOTICE IS FURTHER GIVEN** that no party in interest is required to file written opposition to any of the First Day Motions. Opposition, if any, to the granting of the interim relief requested in the First Day Motions may be presented at the First Day Hearings pursuant to Local Bankruptcy Rule ("LBR" 9014-1(f)(2), (3), and (4). If opposition to any First Day Motion is presented at the First Day Hearings, or if there is other good cause, the Court may continue the First Day Hearings to permit the filing of evidence and briefs.

**NOTICE IS FURTHER GIVEN** that although written opposition to the First Day Motions is not required, if you wish to file a response to any of the First Day Motions to explain your position, you may do so at:

    United States Bankruptcy Court, Eastern District of California
    2500 Tulare Street, Suite 2501
    Fresno, CA 93721

If you mail your response to the Court for filing, you must mail it early enough so the Court will receive before the date of the hearing. You must also mail a copy to:

The Roman Catholic Bishop of Fresno
c/o McCormick Barstow LLP
7647 N. Fresno Street
Fresno, CA 93720

**NOTICE IS FURTHER GIVEN** that all matters will be conducted simultaneously: (1) In Person at Fresno Courtroom #13 (Department B), (2) via ZoomGov Video, (3) via ZoomGov Telephone, and (4) via CourtCall. You may choose any of these options. Parties who wish to appear at the First Day Hearings remotely should sign up by 4:00 p.m. one business day prior to the hearing. Information regarding how to sign up is on the Court Appearances page of the Court's website at https://www.caeb.uscourts.gov/Calendar/CourtAppearances. Each party who has signed up will receive a Zoom link or phone number, meeting I.D., and password via email. If the deadline to sign up has passed, parties who wish to appear remotely must contact the Courtroom Deputy for the Department holding the hearing.

**NOTICE IS FURTHER GIVEN** that to appear at the hearing by telephone via CourtCall, contact CourtCall Conference Service at 1-866-582-6878. *See also*, https://www.courtcall.com. The telephone appearance must be arranged 24 hours in advance of the hearing. A CourtCall fee applies. Individuals using CourtCall are cautioned they do so at their own risk. The hearing will not be rescheduled due to a missed connection.

**NOTICE IS FURTHER GIVEN** that respondents can determine whether the matter has been resolved without oral argument and whether the court has issued a tentative ruling, and can view pre-hearing dispositions by checking the Court's website at https://www.caeb.uscourts.gov after 4:00 p.m. the day before the hearing. Parties appearing telephonically are required to review the pre-hearing dispositions prior to the hearing.

**NOTICE IS FURTHER GIVEN** that the First Day Motions are supported by the *Declaration of Cynthia Martin in Support of Chapter 11 Petition and First Day Motions* (the "Martin Background Decl."), the *Declaration of Mart B. Oller, IV, in Support of Chapter 11 Petition and First Day Motions* (the "Oller Background Decl."), and additional declarations and exhibits in support of each First Day Motion. This notice does not contain all of the particulars of the First Day Motions or supporting documents for the First Day Motions, nor does it summarize all of the

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

3
OMNIBUS NOTICE OF HEARING ON THE DEBTOR'S FIRST DAY MOTIONS

evidence submitted in support of the First Day Motions. The First Day Motions and the supporting evidence and Declarations may be obtained free of charge from the website maintained by Donlin Recano, the Debtor's proposed Claims and Noticing Agent at www.donlinrecano.com/rcbf

The titles of each of the First Day Motions and a short summary description of the relief requested in each First Day Motion are as follows:

1. *Ex-Parte Application for Order: (1) Modifying LBR 9014-1(d) to Allow Filing and Service of an Omnibus Notice for First Day Motions; (2) Shortening the Time for Notice and Hearing on First Day Motions; and (3) Modifying LBR 9014-1(d)(5) to Allow Joining of Multiple Requests for Relief in Certain Motions* [MB-01] (the "Omnibus Notice Application");

2. *Motion for Interim and Final Orders (1) Authorizing Continued Use of Existing Cash Management System, Operational Bank Accounts, and Related Investment Accounts; (2) Authorizing Maintenance of Existing Business Forms; (3) Excusing Compliance with 11 U.S.C. § 345(b); (4) Authorizing Continued Use of Current Investment Policy; and (5) Scheduling a Final Hearing* [MB-02] (the "Cash Management Motion");

3. *Motion for Order (1) Authorizing the Debtor to (A) Pay Prepetition Wages, Salaries, and Employee Expenses, and (B) Pay Accrued Employee Benefits and Taxes; and (2) Directing Banks to Honor All Checks and Electronic Payments* [MB-03] (the "Priority Wage Claims Motion");

4. *Motion for Interim and Final Orders Authorizing the Debtor to Continuing Administering and Funding Insurance Programs* [MB-04] (the "Insurance Programs Motion");

5. *Motion for Interim and Final Orders (1) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Service; (2) Determining Adequate Assurance of Payment for Post-Petition Utility Services; (3) Establishing Procedures for Determining Adequate Assurance of Payment; and (4) Scheduling a Final Hearing* [MB-05] (the "Utilities Motion");

6. *Motion for Interim and Final Orders to (1) Establish Notice Procedures; (2) File Confidential Information Under Seal; and (3) Temporarily Suspend Deadline for Filing Nongovernmental Proofs of Claim* [MB-06] (the "Limit Notice Motion");

///

7. *Motion for Interim and Final Orders Authorizing the Debtor to (1) Pay Certain Prepetition Invoices for Victim Assistance and the Safe Environment Program; and (2) Continue its Prepetition Practice of Paying for Victim Assistance and the Safe Environment Program* [MB-07] (the "Victim Assistance Motion"); and

8. *Application for Order (1) Appointing Donlin, Recano & Company, LLC as Claims and Noticing Agent* [MB-09] (the "Claims and Noticing Agent Motion").

These critical First Day Motions seek entry of orders granting the relief described below, and such other relief as is just and proper under the circumstances.

### A. Application for Order Modifying LBR 9014-1(d) (MB-01)

1. The Debtor applies for an Order: (1) modifying Local Bankruptcy Rule (LBR) 9014-1(d) to allow the filing and service of an omnibus notice for the First Day Motions to be filed by the Debtor; (2) shortening the time period for notice and setting the First Day Hearings during the week of July 6, 2025, preferably July 7, 2025 at 10:30 a.m. such that service of all documents for the First Day Motions on the 20 Largest unsecured creditors, the secured creditors if any, the Office of the United States Trustee, the Internal Revenue Service, corresponding state agencies, as well as other governmental agencies, to the extent required by the Bankruptcy Rules and the Local Rules of the United States Bankruptcy Court for the Eastern District of California, and those persons who have formally appeared and requested service in this case pursuant to Bankruptcy Rule 2002, by email, facsimile, mail or overnight delivery, by July 2, 2025 shall be deemed sufficient to have the matter heard at the First Day Hearings; and modifying LBR 9014(d)(5) to allow requests for relief to be joined in certain motions.

### B. The Cash Management Motion (MB-02)

2. The Debtor seeks entry of interim and final orders (a) waiving the Bankruptcy Local Rules and United States Trustee Guidelines to the extent necessary for the Debtor to continue using its existing cash management system, (b) authorizing the Debtor to continue using its pre-petition bank accounts and business forms, including waiver of the requirement that the legend "debtor in possession" be imprinted on any existing checks and business forms, (c) authorizing the Debtor to continue the use of its existing cash management system and accounting policies and practices, (d)

authorizing the Debtor to continue using its commercial credit cards, debit cards, and investment policies during this Bankruptcy Case without posting any bonds as otherwise required under 11 U.S.C. § 345; (e) authorizing the Debtor to continue to maintain its investment accounts without strictly complying with 11 U.S.C. § 345; and (f) waiving the 14-day stay of Fed. R. Bankr. P. ("Rule") 6004(h) to the extent it may be construed to apply to the subject matter of the Cash Management Motion. In furtherance of the Cash Management Motion, the Debtor has filed the supporting declaration of Cynthia Martin.

3. The Debtor seeks the relief requested in the Cash Management Motion to ensure its orderly transition into bankruptcy and to help administer its operations efficiently while avoiding disruptions, distractions, delays, and significant expense that otherwise would inevitably divert the Debtor's attention away from urgent matters during the initial stages of this bankruptcy case.

4. As described in the Cash Management Motion, all of the relevant banks where RCBF's bank accounts are located are FDIC-insured banking institutions that have complied with the United States Trustee's (the "UST") special depository procedures under 11 U.S.C. § 345, and therefore, are on the UST's list of authorized depository institutions for the Eastern District of California, with exception for investment accounts located at Wells Fargo Advisors ("WFA").

5. The Debtor also has certain investment and money market accounts for which the Debtor requests authority to continue to maintain without the need to strictly comply with 11 U.S.C. § 345, including the maintenance of the Pooled Investment Accounts (as defined in the Cash Management Motion) at WFA.

**C.** **The Priority Wage Claims Motion (MB-03)**

6. The Debtor seeks, among other things, an order authorizing, but not directing, the Debtor to pay certain prepetition obligations owing or relating to its employees, including without limitation: (a) amounts owed for prepetition Employee Obligations, including prepetition Employee Compensation, Employee Deductions, and Employer Payroll Taxes (as each are defined in the Priority Wage Claims Motion), (b) amounts owed to employees for reimbursement of Employee Expenses (as defined in the Priority Wage Claims Motion); (c) amounts owed for Payroll Costs; and (e) upon termination of employment (if any), the value of PTO accrued within 180 days before the

Petition Date, up to the statutory cap per individual. In addition, the Debtor seeks authority to continue its practices, programs, and policies in effect as of the Petition Date with respect to certain Benefit Obligations. The Debtor also seeks an order authorizing and directing all banks and lending institutions maintaining payroll and employee benefits accounts belonging to the Debtor to honor and pay all prepetition and post-petition checks issued or to be issued and electronic fund transfers requested or to be requested, by the Debtor for Employee Obligations, Employee Expenses, and Benefits Obligations. The Debtor also seeks authority to issue new post-petition checks or fund transfer requests with respect to prepetition obligations that may have been dishonored by the banks relating to the Employee Obligations, Employee Expenses, and Benefits Obligations, if necessary. In support of the Priority Wage Claims Motion, the Debtor has filed the supporting declaration of Cynthia Martin.

7. The Priority Wages Motion seeks authorization to pay only such amounts that are entitled to priority claim status up to $17,150 under 11 U.S.C. § 507(a)(4) and (a)(5). The Debtor believes approval of this motion is critical to its operations and that the amounts at issue are *de minimis* in the context of the Bankruptcy Case.

**D.  Insurance Programs Motion (MB-04)**

8. Under 11 U.S.C. §§ 363, 1112(b), and 105, the Debtor requests entry of a interim and final orders authorizing the Debtor to (a) continue administering the Insurance Programs for the Debtor and the Insurance Participating Entities (each as defined in the Insurance Programs Motion) in the ordinary course of business and consistent with past practices, (b) continue funding all premiums, contributions, deductibles, reserves, and service fees related to Insurance Coverage (as defined in the Insurance Programs Motion) and receiving reimbursement for the same, (c) renew, amend, supplement, extend, purchase, or terminate Insurance Coverage in the ordinary course of business, and (d) pay any and all amounts related to the Insurance Programs that remained unpaid on the Petition Date. The Debtor filed the supporting declaration of Cynthia Martin concurrently with the Insurance Programs Motion.

9. As described in the Insurance Programs Motion, the Insurance Programs provide an efficient, cost-effective way to procure necessary insurance for the Debtor and the Participating

Entities. Satisfying possible outstanding or future obligations related to the Insurance Programs is warranted under 11 U.S.C. § 363(b) and applicable standards as described in the Insurance Motion. The Debtor has routinely maintained Insurance Coverage and administered the Insurance Programs in the ordinary course of its operations and must continue to do so on a going forward basis to operate. In addition, the Insurance Programs administered by the Debtor are typical for a Roman Catholic Diocese of its size and include standard coverages for nonprofits such as the Debtor and the Insurance Participating Entities. Continuation of Insurance Coverage is essential to preserve uninterrupted operations and the value of the Debtor's estate and is in the best interests of the estate and its creditors. Failing to maintain Insurance Coverage through the Insurance Programs would impair the Debtor's ability to operate and may potentially violate the UST's Guidelines and other applicable regulations and requirements, resulting in a material adverse effect on the Debtor and the value of the estate.

### E. The Utilities Motion (MB-05)

10. The Debtor seeks entry of interim and final orders (a) prohibiting Utility Companies (as defined in the Utilities Motion) from altering, refusing, or discontinuing service, (b) determining that the Debtor's furnishing of deposits to Utility Companies in an amount that represents fifty percent of the Debtor's estimated average monthly usage over the past twelve months of such utility, respectively, constitutes adequate assurance of payment, (c) establishing procedures for assurance requests by the affected utilities and for determining adequate assurance of payment, and (d) scheduling a final hearing. In furtherance of the Utilities Motion, the Debtor has filed the supporting declaration of Cynthia Martin.

11. The Debtor's ongoing operations require it to maintain uninterrupted utility services, including electricity, natural gas, telephone, water, waste removal, internet, and other services. Termination of a utility service would cause immediate and irreparable harm to the Debtor's operations and critical reorganization efforts. The Debtor has multiple facilities and receives utility services from numerous utility companies, as described in the Utilities Motion, and listed on Exhibit 1 to the Utility Motion.

///

**F.**     **Limit Notice Motion (MB-06)**

12.     The Debtor seeks entry of interim and final orders (a) establishing notice procedures, (b) authorizing the Debtor to file confidential information under seal, and (c) temporarily suspending the deadline for nongovernmental creditors to file proofs of claim. In furtherance of the Limit Notice Motion, the Debtor has filed the supporting declaration of Cynthia Martin.

13.     Given the estimated 6,500 parties in interest, including approximately 150+ abuse survivors, the Debtor seeks permission to limit notice and also to file certain confidential information under seal given the particularly sensitive nature of claims, survivor identities, and other matters in this Bankruptcy Case. The Debtor requests permission to file the schedules, any other pleadings, and proofs of service to the extent they contain non-public names of abuse claimants and potential abuse claimants under seal to protect such individuals' privacy rights. The Debtor also seeks to suspend temporarily the deadline to file claims to provide the Debtor with sufficient time to employ a claims agent and formulate a Court-approved, specialized claims submission process.

**G.**     **Victim Assistance and Safe Environment Program Motion (MB-07)**

14.     The Debtor requests interim and final orders authorizing the Debtor to (a) pay certain pre-petition invoices for Victim Assistance and Safe Environment Program, and (b) continue to pay certain invoices for such programs in the ordinary course of business under 11 U.S.C. §§ 105 and 363(b) and Rules 9013 and 9014. The Debtor filed the supporting declaration of Lucia Magaña in furtherance of the Victim Assistance and Safe Environment Program Motion.

15.     The Debtor has an established process for survivors of clergy abuse to have access to trained professionals who can help them address their trauma. To support these survivors, among other things, the Debtor pays for the survivors' counseling with licensed therapists. In addition, the Debtor has implemented strict education and training protocols to prevent the future occurrence of sexual abuse by clergy or others affiliated with the Debtor.

16.     These programs serve those affected by historical clergy sexual abuse and are designed to prevent future abuse. It is necessary and appropriate to authorize the Debtor to pay any outstanding pre-petition balances due and owing for these programs, which the Debtor believes is approximately $25,000 in the aggregate, and to continue to fund these programs on a post-petition

basis in the ordinary course of business.

### H. <u>Claims and Noticing Agent Motion (MB-08)</u>

17. Pursuant to 28 U.S.C. § 156(c), 11 U.S.C. § 105(a), and LBR 1001-1(f), the Debtor requests entry of an order (a) appointing Donlin, Recano & Company, LLC. ("<u>DRC</u>") as the claims and noticing agent for the Debtor in this bankruptcy case effective as of the Petition Date, including assuming full responsibility for the distribution of notices and the maintenance, processing, and docketing of proofs of claim filed in this bankruptcy case, and (b) granting related relief. In furtherance of the Claims and Noticing Agent Motion, the Debtor filed the supporting declaration of Lisa Terry, DRC's Senior Legal Director.

18. By appointing DRC as the Claims and Noticing Agent in this case, the distribution of notices and the processing of confidential claims will be expedited, and the Office of the Clerk of the Bankruptcy Court will be relieved of the administrative burden of administering and processing claims. The Debtor will seek authorization to retain and employ DRC as administrative advisor in the Bankruptcy Case for the performance of duties outside the scope of 28 U.S.C. § 156(c) by separate application under 11 U.S.C. § 327(a).

**NOTICE IS FURTHER GIVEN** that your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

Dated: July 1, 2025

Respectfully submitted,

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

By:     /s/ Hagop T. Bedoyan
Hagop T. Bedoyan
Mart. B. Oller IV
Garrett R. Leatham
Garrett J. Wade
Proposed Attorneys for the Debtor,
The Roman Catholic Bishop of Fresno

018621-000165 11793569.1