McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
Hagop T. Bedoyan, #131285
   *hagop.bedoyan@mccormickbarstow.com*
Mart B. Oller IV, #149186
   *marty.oller@mccormickbarstow.com*
Garrett R. Leatham, #333362
   *garrett.leatham@mccormickbarstow.com*
Garrett J. Wade, #340285
   *garrett.wade@mccormickbarstow.com*
7647 North Fresno Street
Fresno, California 93720
Telephone:   (559) 433-1300
Facsimile:   (559) 433-2300

Proposed Attorneys for the Debtor,
The Roman Catholic Bishop of Fresno

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| In re<br><br>THE ROMAN CATHOLIC BISHOP OF FRESNO,<br><br>    Debtor-In-Possession | Case No. 25-12331-B-11<br><br>Chapter 11<br><br>DC No.: MB-02<br><br>Hearing<br>Date:    July 7, 2025<br>Time:    10:30 a.m.<br>Place:    Courtroom 13 (Dept. B), Fifth Floor<br>        United States Bankruptcy Court<br>        2500 Tulare Street<br>        Fresno, CA 93721<br><br>Judge:    Hon. René Lastreto II<br><br>*Order Shortening Time* |

**INTERIM ORDER (1) AUTHORIZING CONTINUED USE OF EXISTING CASH MANAGEMENT SYSTEM, OPERATIONAL BANK ACCOUNTS, AND RELATED INVESTMENT ACCOUNTS; (2) AUTHORIZING MAINTENANCE OF EXISTING BUSINESS FORMS; (3) EXCUSING COMPLIANCE WITH 11 U.S.C. § 345(b); (4) AUTHORIZING CONTINUED USE OF CURRENT INVESTMENT POLICY; <u>AND (5) SCHEDULING A CONTINUED INTERIM HEARING</u>**

The motion of The Roman Catholic Bishop of Fresno (the "<u>Debtor</u>" or "<u>RCBF</u>") for interim and final orders: (1) authorizing the continued use of existing cash management system, operational

bank accounts, and related investment accounts; (2) authorizing maintenance of existing business forms; (3) excusing compliance with 11 U.S.C. § 345(b); (4) authorizing continued use of current investment policy; and (5) scheduling a final hearing (the "Motion") was heard at a preliminary hearing on July 7, 2025 at 10:30 a.m., before the Honorable René Lastreto II of the United States Bankruptcy Court, Eastern District of California. Hagop T. Bedoyan, Esq., of McCormick, Barstow, Sheppard, Wayte & Carruth LLP appeared on behalf of the Debtor. All other appearances were noted on the record. Unless otherwise indicated, capitalized terms not otherwise defined in this Order shall have the same meanings ascribed to them in the Motion.

The Court having considered the Motion, the Memorandum of Points and Authorities, the Martin Background Decl., the Oller Background Decl., the Martin Decl., all exhibits filed in support of the Motion, and the representations made by counsel at the hearings as reflected in the record of the hearing; and the Court having found that it has jurisdiction over this proceeding; that this is a core proceeding; that notice of the Motion has been given to the Office of the U.S. Trustee, the Cash Management Banks, the twenty (20) largest unsecured creditors, all secured creditors, if any, and any applicable governmental entities; that no further notice is necessary; the Court finding that there is good cause for entry of an immediate interim order pursuant to Fed. R. Bankr. P. ("Rule") 6003 to the extent applicable, and that ample cause exists to grant waiver of the 14-day stay imposed by Rule 6004(h) if any for the entry of an interim order granting the Motion; that the relief sought in the Motion is in the best interests of the Debtor, its estate, and its creditors; and that good and sufficient cause exists for such relief,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Motion is GRANTED on an interim basis as set forth herein;

2. The Debtor is authorized to: (a) designate, maintain, and continue to use its existing Bank Accounts identified in paragraph 15 of the Motion (the "Cash Management Banks") with the same account numbers; and (b) continue to use its existing Cash Management System, which includes use of the Investment Accounts, credit cards, debit cards, credit card processing systems and investment policies. In connection with the ongoing use of the Cash Management System, the Debtor shall continue to maintain strict records with respect to all transfers of cash so that all

transactions may be readily ascertained, traced, recorded properly, and distinguished between prepetition and postpetition transactions, and between the Debtor and any non-debtor.

3. Each of the Debtor's existing depository and disbursement banks including the Cash Management Banks, are authorized to debit the Debtor's accounts in the ordinary course of business without the need for further order of this Court for: (i) all checks drawn on the Debtor's accounts which are cashed at such banks' counters or exchanged for cashier's checks by the payees thereof prior to the Petition Date; (ii) all checks or other items deposited in one of the Debtor's accounts with such bank prior to the Petition Date which have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtor was responsible for such items prior to the Petition Date; and (iii) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to any bank as service charges for the maintenance of the Cash Management System.

4. Any of the Debtor's Cash Management Banks may rely on the representations of the Debtor with respect to whether any check or other payment order drawn or issued by the Debtor prior to the Petition Date should be honored pursuant to this or any other order of this Court without any duty of further inquiry and without liability for following the Debtor's instructions.

5. That (i) those certain existing deposit agreements between the Debtor and its Cash Management Banks shall continue to govern the postpetition cash management relationship between the Debtor and the Cash Management Banks, and that all of the provisions of such agreements, including, without limitation, the termination and fee provisions, shall remain in full force and effect, and (ii) the Debtor or the Cash Management Banks may, without further order of this Court, agree to and implement changes to the Cash Management System and procedures in the ordinary course of business, including, without limitation, the opening and closing of bank accounts.

6. Nothing contained herein shall prevent the Debtor from opening any additional bank accounts or closing any existing Bank Account(s) as it may deem necessary and appropriate, and the Cash Management Banks are authorized to honor the Debtor's request to open or close, as the case may be, such bank accounts or additional bank accounts; provided however, that any new account shall be a debtor in possession account and shall be at a bank that is insured with the Federal

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

3
INTERIM ORDER GRANTING CASH MANAGEMENT SYSTEM FIRST DAY MOTION

Deposit Insurance Corporation that is organized under the laws of the United States or any State thereof and that such account is either bonded or securitized as described in 11 U.S.C. § 345(b) should the amount exceed the FDIC insurance limit, and listed on the U.S. Trustee's list of authorized depositories for the Eastern District of California.

7. Any and all accounts opened by the Debtor on or after the Petition Date at any bank shall, for all purposes under this Interim Order, similarly be subject to the rights and obligations of this Interim Order.

8. The Debtor and the Cash Management Banks are hereby authorized to continue to perform pursuant to the terms of any prepetition agreements that may exist between them, except to the extent otherwise directed by the terms of this Interim Order. The parties to such agreements shall continue to enjoy the rights and remedies afforded to them under such agreements, except to the extent modified by the terms of this Interim Order or by operation of the Bankruptcy Code.

9. Except as provided in this Interim Order, the Debtor is authorized to continue to use its existing business forms and stationary without alteration or change.

10. Except as otherwise set forth in this Interim Order, the Debtor is authorized to continue its current investment practices as described in the Motion and related pleadings, including but not limited to the use of the WFA Investment Accounts. The Debtor is excused from redesignating the WFA Investment Accounts as debtor in possession accounts and complying with the requirements of 11 U.S.C. § 345(b) as to the Investment Accounts.

11. The Debtor shall have its Bank Accounts at Wells Fargo Bank, Bank of the Sierra, and Axos Bank designated as "Debtor in Possession" accounts by the institutions within 15 days and provide proof of the same to the U.S. Trustee no later than the final hearing on the Motion.

12. The Debtor shall attach account statements for the Debtor's credit cards to its Monthly Operating Reports.

13. Neither this Interim Order, nor the Debtor's payment of any amounts authorized by this Interim Order, shall: (i) result in any assumption of any executory contract by the Debtor; (ii) result in a commitment to continue any plan, program, or policy of the Debtor; or (iii) impose any administrative, prepetition, or postpetition liabilities on the Debtor.

14. In granting the Motion, the Court is not making any findings or determinations as to what is or is not property of the estate. Nothing herein constitutes judicial approval or disapproval, or judicial determination, of what assets are or are not restricted or held in trust or property of the estate or what expenditures are reasonable or appropriate.

15. To the extent the fourteen (14) day stay of Rule 6004(h) may be construed to apply to the subject matter of this Interim Order, such stay is hereby waived.

16. The Debtor is authorized to take the actions necessary to effectuate the relief granted in this Interim Order.

17. The Court shall retain jurisdiction to hear and determine all matters arising from implementation of this Interim Order.

18. A further interim hearing on the Motion shall be heard on July 10, 2025 at 9:30 a.m. for the sole purpose of determining whether the parish accounts should be excluded from the requirements of 11 U.S.C. § 345(b). The Debtor shall supplement the Motion as necessary with information pertaining to the parish accounts prior to the date of the further interim hearing.

20. Counsel to the Debtor is directed to serve a copy of this Interim Order on all parties on the Limited Service List, as defined in the Debtor's *Motion for Interim and Final Orders to (1) Establish Notice Procedures; (2) File Confidential Information Under Seal; and (3) Temporarily Suspend Deadline for Filing Nongovernmental Proofs of Claim* [MB-06] on file herein, within five (5) business days of the entry of this Interim Order and to file a certificate of service with the Clerk of the Court.

APPROVED AS TO FORM:

OFFICE OF THE UNITED STATES TRUSTEE

By: _____
Jason Blumberg

/s/ ROBERT CHARLES
Robert Charles, Attorney for Parishes of the
Roman Catholic Bishop of Fresno

Dated: Jul 08, 2025

By the Court

René Lastreto II, Judge
United States Bankruptcy Court

INTERIM ORDER GRANTING CASH MANAGEMENT SYSTEM FIRST DAY MOTION

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720