**9**

**STINSON LLP**
Robert T. Kugler (Minn. Bar No. 194116)
robert.kugler@stinson.com
Edwin H. Caldie (*pro hac vice*)
ed.caldie@stinson.com
Logan R. Kugler (*pro hac vice*)
logan.kugler@stinson.com
50 S 6th Street, Suite 2600
Minneapolis, Minnesota 55402
Telephone: (612) 335-1500

*Counsel for the Official*
*Committee of Unsecured Creditors*

**FENNEMORE LLP**
J. Jackson Waste, SBN 289081
jwaste@fennemorelaw.com
8080 N. Palm Avenue, Third Floor
Fresno, California 93711
Telephone: (559) 432-4500

*Proposed Co-Counsel for the Official*
*Committee of Unsecured Creditors*

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

# FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC BISHOP OF FRESNO,<br><br>　　　　　　　　Debtor. | Case No.: 25-12231-B-11<br><br>Chapter 11<br><br>DCN: FEN-1<br><br>Date:　September 23, 2025<br>Time:　9:30 a.m.<br>Place:　United States Bankruptcy Court<br>　　　　2500 Tulare Street<br>　　　　Courtroom 13, Department B<br>　　　　Fresno, California<br>Judge: Honorable René Lastreto II |

## APPLICATION TO EMPLOY FENNEMORE LLP AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

1

Case 25-12231 Doc 249

The Official Committee of Unsecured Creditors of The Roman Catholic Bishop of Fresno (the "Committee") hereby makes an application ("Application") for entry of an order substantially in the form of the attached proposed order (the "Proposed Order"), pursuant to section 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014.1 of the Local Rules of Practice for the United States Bankruptcy Court, Eastern District of California (the "Local Rules") (i) authorizing the retention of Fennemore LLP as co-counsel to the Committee in the above-captioned chapter 11 case (the "Chapter 11 Case"), effective as of the Selection Date (as defined herein); (ii) directing that all copies of notices, pleadings, and other documents filed in this case and any and all adversary proceedings be served upon Fennemore LLP; and (iii) granting such other relief as the Court deems just and proper. In support of this Application, the Committee submits the Declaration of J. Jackson Waste, a director at Fennemore LLP (the "Waste Declaration"), and a Proposed Order, filed concurrently herewith. In further support of this Application, the Committee represents as follows:

## BACKGROUND

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue in this Court is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 327 and 1103(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016.

3. On July 1, 2025 (the "Petition Date"), the Roman Catholic Bishop of Fresno (the "Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4. On July 15, 2025, the Office of the United States Trustee (the "U.S. Trustee"), pursuant to section 1102(a)(1) of the Bankruptcy Code, appointed the Committee.

5. On July 24, 2025, the Committee selected Stinson LLP as lead counsel to the Committee and Fennemore LLP as co-counsel to the Committee ("Selection Date").

///

///

2

## RELIEF REQUESTED

6. By this Application, the Committee respectfully requests that this Court enter an order authorizing the Committee to employ and retain Fennemore LLP as co-counsel in the above-captioned case, effective as of the Selection Date.

## BASIS FOR RELIEF REQUESTED

7. In accordance with Bankruptcy Rule 2014(a), this Application and the Waste Declaration set forth the specific facts showing the necessity for Fennemore LLP's employment; the reasons for the Committee's selection of Fennemore LLP as its co-counsel in connection with this Chapter 11 Case; the professional services proposed to be provided by Fennemore LLP; the arrangement between the Committee and Fennemore LLP with respect to Fennemore LLP's compensation (as well as the reasonableness thereof); and to the best of the Committee's knowledge, the extent of Fennemore LLP's connections, if any, to certain parties in interest in this matter.

### A. Fennemore LLP's Qualifications

8. After careful and diligent inquiry into the qualifications and connections of the Fennemore LLP, the Committee retained it as its co-counsel in this case, subject to the approval of this Court. The attorneys at Fennemore LLP expected to work on this matter are admitted to practice before this Court, or will be prior to performing any work on this matter, and the Committee has found them to be well-qualified to represent it by reason of their ability, integrity, and professional experience. Fennemore LLP is an AmLaw 200-ranked firm with a substantial presence in Fresno, California and a strong and experienced bankruptcy practice group. Fennemore LLP's bankruptcy attorneys are extremely familiar with chapter 11 and thoroughly understand local practices and precedent. The attorneys at Fennemore LLP have served as counsel to debtors, creditors, and creditors' committees throughout California and may be expected to be expert in any aspect of the law that may arise in this chapter 11 case. J. Jackson Waste, who will be the primary attorney at Fennemore LLP responsible for assisting the Committee in this matter, has practiced bankruptcy law in the Fresno, California area since 2013, at one time serving as President of the Central California Bankruptcy Association. Prior to that, he served as a law clerk

to the Hon. Christopher M. Klein in the Sacramento Division of this Court (2012-13). The Committee believes that Fennemore LLP is well qualified to provide effective and efficient services.

### B. Services to Be Provided

9. The Committee anticipates that Fennemore LLP will render legal services to the Committee as needed throughout the course of this Chapter 11 Case. In particular, the Committee anticipates that Fennemore LLP will perform, among others, the following legal services relating to this Chapter 11 Case, subject to Fennemore LLP's commitment to avoid duplication of services as more fully described below:

a) Providing legal advice to the Committee with respect to its duties and powers in this Chapter 11 Case;

b) Consulting with the Committee and the Debtor concerning administration of this Chapter 11 Case;

c) Assisting the Committee in its investigation of the acts, conduct, assets, liabilities, and financial condition of the Debtor, sales under section 363 of the Bankruptcy Code, litigation relating to any of the foregoing, and any other matter relevant to this Chapter 11 Case;

d) Assisting the Committee in evaluating claims against the estate, including analysis of and possible objections to the validity, priority, amount, subordination, or avoidance of claims and/or transfers of property in consideration of such claims;

e) Assisting the Committee in participating in the formulation and confirmation of a chapter 11 plan, including the Committee's communications with unsecured creditors concerning such plan;

f) Assisting the Committee with any effort to request the appointment of a trustee or examiner;

g) Advising and representing the Committee in connection with matters generally arising in this Chapter 11 Case, including the obtaining of credit, the sale of assets, and the rejection or assumption of executory contracts and unexpired leases;

h) Appearing before this Court, any other federal court, state court or appellate court;

i) Providing traditional services of co-counsel including, without limitation: monitoring the docket for filings and coordinating with lead counsel in matters that need response; preparing certifications of counsel, and notices of fee applications and hearings; and preparing documents and pleadings for hearings; and

j) Performing such other legal services as may be required and which are in the interests of unsecured creditors or otherwise directed by the Committee.

10. The Committee requested that Fennemore LLP commence work in this Chapter 11 Case immediately upon its selection. Accordingly, the Committee seeks approval of

4

Fennemore LLP's retention effective as of the Selection Date, the first date on which Fennemore LLP performed services for the Committee. Fennemore LLP has filed this Application within 30 days of the Selection Date as prescribed by Local Rule 2014-1.

**C.  Compensation and Fee Application**

11. Subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses issued by the Office of the U.S. Trustee (the "Fee Guidelines") issued by the Executive Office of the U.S. Trustee (the "EOUST"), Fennemore LLP will charge for its legal services on an hourly basis in accordance with the ordinary and customary hourly rates in effect as of January 1, 2025, as revised from time to time. Fennemore LLP's hourly fees are comparable to those charged by attorneys of similar experience for engagements of scope and complexity similar to this Chapter 11 Case. Fennemore LLP's disbursement policies pass through all out-of-pocket expenses at actual cost, or at estimated actual cost when the actual cost is difficult to determine. These expenses include photocopying, express or overnight delivery charges, facsimiles, toll calls, overtime meals, computerized research, deliveries, court costs, transcript fees, travel, clerk fees, certain secretarial and other overtime expenses, and other expenses. For all of these reasons, Fennemore LLP's rates are reasonable.

12. The attorneys and legal professionals who Fennemore LLP anticipates will or may work on this matter, and their current hourly rates, are as follows:

| | |
|---|---|
| J. Jackson Waste, Director | $540 |
| Chris Hawkins, Director | $640 |
| Don Pool, Director | $560 |
| Stacy Porche, Associate[1] | $390 |
| Jeffrey Mihalik, Associate | $360 |
| Claudine Lalonde, Paralegal | $320 |

---

[1] Ms. Porche is presently licensed only in Arizona and works out of Fennemore's Phoenix office. She will not perform any work in this matter prior to having a *pro hac vice* application approved.

5

13. Fennemore LLP will maintain detailed, contemporaneous time records in six-minute intervals and apply to this Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Fee Guidelines, and any additional procedures that may be established by the Court in this Chapter 11 Case. Fennemore LLP has agreed to accept as compensation and reimbursement such sums as may be allowed by this Court. Fennemore LLP understands that interim and final fee awards are subject to approval by this Court.

### D. No Duplication of Services

14. The Committee has been assured that if the Court approves the employment of Fennemore LLP and Stinson, the firms will allocate their delivery of services to the Committee so as to avoid any unnecessary duplication of services. The Committee also believes that the efficient allocation of responsibility for legal matters in the Chapter 11 Case between Fennemore LLP and Stinson will reduce the cost of administering these proceedings. It is the carefully considered view of the Committee that, considering the size and complexity of the Chapter 11 Case and the various interests involved, representation of the Committee by Fennemore LLP and Stinson is necessary, will reduce administrative expenses, and in turn, is in the best interests of the Committee.

### E. Disclosures Concerning Disinterest

15. The Waste Declaration discloses Fennemore LLP's connections to the Debtor and parties in interest in this case and is incorporated herein by reference. Based upon the Waste Declaration, Fennemore LLP has concluded that it is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code. Fennemore LLP will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise. If any new relevant facts or relationships are discovered, Fennemore LLP will supplement its disclosure to the Court.

///

///

///

Filed 08/21/25       Case 25-12231       Doc 249

**F.**      **Prepetition Professional Compensation**

16.      Fennemore LLP did not provide the Committee or any informal group of creditors of the Debtor with legal services prior to the Selection Date. Accordingly, Fennemore LLP has not received any prepetition compensation from the Committee or from any of its members.

**G.**      **Retention as of the Selection Date**

17.      Retention as of the Selection Date is appropriate here because this Application was filed within 30 days of the Selection Date, and Fennemore LLP anticipates that it will provide necessary services to the Committee during the period between the Selection Date and the date the Court enters an order on this Application, as well as thereafter.

## STATEMENT REGARDING U.S. TRUSTEE GUIDELINES

18.      In accordance with the U.S. Trustee Guidelines, Fennemore LLP shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Chapter 11 Case in compliance with section 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court. Fennemore LLP also intends to make every effort to comply with the US. Trustee's requests for information and additional disclosures as set forth in the U.S. Trustee Guidelines, both in connection with this Application and the interim and final applications to be filed by Fennemore LLP in this Chapter 11 Case.[2]

19.      As set forth in the Waste Declaration, the following is provided in response to the request for additional information contained in paragraph D.1. of the U.S. Trustee Guidelines:

**Question:**      Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?

Response:      No, the billing arrangement for the Committee is Fennemore LLP's standard and customary billing arrangement.

**Question:**      Do any of the professionals included in this engagement vary their

---

[2] By their terms, the U.S. Trustee Guidelines "apply to the USTP's review of applications for compensation filed by attorneys in larger chapter 11 cases," and are intended as an update to the original Guidelines (the "Appendix A Guidelines") adopted by the EOUST in 1996. The Appendix A Guidelines have been a part of this Court's local procedures for years. Among other things, the U.S. Trustee Guidelines ask attorneys in larger chapter 11 cases to provide additional documentation and make significant new disclosures in connection with their retention under section 327 and compensation under section 330 of the Bankruptcy Code. As the U.S. Trustee Guidelines themselves acknowledge, "the Guidelines do not supersede local rules, court orders, or other controlling authority."

7

APPLICATION TO EMPLOY FENNEMORE LLP AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

rate based on the geographic location of the bankruptcy case?

<u>Response</u>: No, Fennemore LLP's professionals included in this engagement have not varied their rate based on the geographic location of the Chapter 11 Case.

**Question:** If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition period. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.

<u>Response</u>: Fennemore LLP did not represent the Committee prior to the Petition Date.

**Question:** Has your client approved your prospective budget and staffing plan and, if so, for what budget period?

<u>Response</u>: The Committee has reviewed Fennemore LLP's proposed hourly billing rates and approximate staffing plan. In accordance with the U.S. Trustee Guidelines, the budget may be amended as necessary to reflect changed or unanticipated developments in the Chapter 11 Case.

20. Fennemore LLP has advised the Committee that it intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the U.S. Trustee Guidelines both in connection with this Application and the interim and final fee applications to be filed by Fennemore LLP in the course of its engagement. The Committee understands that it is Fennemore LLP's intention to work cooperatively with the U.S. Trustee to address the concerns that prompted the EOUST to adopt the U.S. Trustee Guidelines; however, in doing so, Fennemore LLP reserves all rights as to the relevance and substantive legal effect of the U.S. Trustee Guidelines in respect of any application for employment or compensation in this Chapter 11 Case that falls within the ambit of the U.S. Trustee Guidelines.

## **NOTICE**

21. Notice of this Application will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: Jason Blumberg, Esq.); (ii) the Debtor; and (iii) those persons who have formally appeared in this Chapter 11 Case and requested service pursuant to Bankruptcy Rule 2002. The Committee respectfully submits that no further notice is required. No previous request for the relief sought herein has been made to this or any other Court.

///

///

///

**WHEREFORE,** the Committee requests that the Court approve Fennemore LLP's employment under the terms specified herein and enter an order substantially in the form of the Proposed Order.

                                                OFFICIAL COMMITTEE OF
                                                UNSECURED CREDITORS

Date: August 21, 2025                By */s/ Frankie Cowan*
                                                   Frankie Cowan
                                                   Committee Chairperson

Date: August 21, 2025                By */s/ John Reichel*
                                                   John Reichel
                                                   Committee Chairperson

PREPARED BY:

Dated: August 21, 2025               */s/ J. Jackson Waste*
                                                J. Jackson Waste

52640005.2/077794.0001

APPLICATION TO EMPLOY FENNEMORE LLP AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS