**10**

**STINSON LLP**
ROBERT T. KUGLER (*pro hac vice*)
robert.kugler@stinson.com
EDWIN H. CALDIE (*pro hac vice*)
ed.caldie@stinson.com
50 S 6th Street, Suite 2600
Minneapolis, Minnesota 55402
Telephone: (612) 335-1500

**FENNEMORE LLP**
J. JACKSON WASTE, SBN 289081
(jwaste@fennemorelaw.com)
8080 North Palm Avenue, Third Floor
Fresno, California 93711
Telephone: (559) 432-4500

*Counsel for the Official
Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION**

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC BISHOP OF FRESNO,<br><br>Debtor. | Case No. 25-12231-B-11<br><br>Chapter 11<br><br>DCN: FTI-1<br><br>Date: October 28, 2025<br>Time: 9:30 a.m.<br>Place: United States Bankruptcy Court<br>2500 Tulare Street<br>Courtroom 13, Department B<br>Fresno, California<br>Judge: Honorable René Lastreto II |

**APPLICATION FOR ORDER AUTHORIZING THE RETENTION OF FTI
CONSULTING, INC. AS FINANCIAL ADVISOR FOR
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF
<u>THE ROMAN CATHOLIC BISHOP OF FRESNO</u>**

The Official Committee of Unsecured Creditors of the Roman Catholic Bishop of Fresno (the "**Committee**") applies (the "**Application**") for entry of an order substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), pursuant to section 1103(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2014-1 of the Local Rules of Practice for the United States Bankruptcy Court, Eastern District of California (the "**Local Rules**") (i) authorizing the employment and retention of the consulting firm of FTI Consulting, Inc., together with its wholly owned subsidiaries ("**FTI**") as financial advisor to the Committee in the above-captioned chapter 11 case (the "**Chapter 11 Case**"), effective as of the Selection Date (as defined herein), and (ii) granting such other relief as the Court deems just and proper. In support of this Application, the Committee submits the declaration of Conor P. Tully, Senior Managing Director with FTI (the "**Tully Declaration**"), and the declaration of John Reichel, Committee Chairperson (the "**Reichel Declaration**"), filed concurrently herewith. In further support of this Application, the Committee represents as follows:

## **BACKGROUND**

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue in this Court is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 327 and 1103(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016.

3. On July 1, 2025 (the "**Petition Date**"), the Roman Catholic Bishop of Fresno (the "**Debtor**") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor continues to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On July 15, 2025, the Office of the United States Trustee (the "**U.S. Trustee**"), pursuant to section 1102(a)(1) of the Bankruptcy Code, appointed seven survivors of sexual abuse holding claims against the Debtor to serve on the Committee. The Committee is charged with representing the interests of all survivors of sexual abuse holding claims against the Debtor (the

"**Survivors**").

5. On July 24, 2025, the Committee selected Stinson LLP ("**Stinson**") as lead counsel to the Committee and Fennemore LLP ("**Fennemore**") as local counsel to the Committee. On July 15, 2025, the Committee appointed Frankie Cowan and John Reichel as its chairpersons. On September 17, 2025 (the "**Selection Date**"), the Committee selected FTI as its financial advisor.

## RELIEF REQUESTED

6. By this Application, the Committee respectfully requests that this Court enter an order authorizing the Committee to employ and retain FTI as financial advisor in the above-captioned case, effective as of the Selection Date.[1]

## BASIS FOR RELIEF REQUESTED

7. In accordance with Bankruptcy Rule 2014(a), this Application, and the Tully Declaration set forth the specific facts showing the necessity for FTI's employment; the reasons for the Committee's selection of FTI as its financial advisor in connection with this Chapter 11 Case; the consulting services proposed to be provided by FTI; FTI's compensation and the reasonableness thereof; and to the best of the Committee's knowledge, the extent of FTI's connections, if any, to certain parties in interest in this matter.

### A. FTI's Qualifications

8. FTI provides services in areas ranging from corporate finance and interim management to economic consulting, forensic and litigation consulting, strategic communications, and technology. FTI's clients include many of the world's largest public companies and majorities of the twenty-five largest banks and one-hundred largest law firms in the world. FTI's expertise includes liquidity and capital structure assessment, debt and equity restructuring advice and identification of reorganization alternatives.

9. The Committee is familiar with FTI's professional standing and reputation. FTI has considerable experience in providing financial advisory services in restructurings and

---

[1] While the lookback period contemplated slightly exceeds the presumptive 30-day period, this Application was filed within thirty (30) days of the Selection Date and set for hearing using the shortest non-emergency timeframe allowable under the Local Rules, so any additional lookback period will be *de minimis*. The benefit to the Committee from FTI's services is substantial as set forth in the Declarations filed concurrently herewith.

reorganizations and enjoys an excellent reputation for the results it has obtained for debtors and creditors in chapter 11 cases throughout the United States. The Committee requires FTI's services to enable it to assess and monitor the efforts of the Debtor and its professional advisors in this case. Finally, FTI is well qualified and able to represent the Committee in a cost-effective, efficient, and timely manner.

### B.    Services to Be Provided

10.    FTI will provide such financial advisory services to the Committee and its legal advisors, Stinson and Fennemore, as they deem appropriate and feasible in order to advise the Commitee in the course of this Chapter 11 Case.  In particular, the Committee anticipates that FTI will perform, among others, the following financial advisory services relating to this Chapter 11 Case:

(a)    Assistance in the review of financial related disclosures required by the Court, including the Schedules and Assets of Liabilities, the Statement of Financial Affairs, and Monthly Operating Reports;

(b)    Assistance with the assessment and monitoring of the Debtor's and its affiliates' short-term cash flow, liquidity, operating results and financing, if applicable;

(c)    Assistance with the review, valuation, and, if applicable, the terms of any sale of assets of the Debtor or its affiliates;

(d)    Assistance in the review of the claims reconciliation and any estimation process;

(e)    Assistance in the review of other financial information prepared by the Debtor, including, but not limited to, cash flow projections and budgets, trust funding, shared service agreements, and other periodic reports of the Debtor and/or its affiliates;

(f)    Attendance at meetings and assistance in discussions with the Debtor, affiliates, parishes, banks, lenders, the Committee and any other committees organized in this Chapter 11 Case, the U.S. Trustee, other parties in interest and professionals hired by the same, as requested;

(g)    Assistance in the review and/or preparation of information and analysis necessary for the confirmation of a plan and related disclosure statement in this Chapter 11 Case;

(h)    Assistance in the evaluation and analysis of avoidance actions, including fraudulent conveyances and preferential transfers;

///

  (i) Assistance with financial analysis surrounding any mediation process and the development of economic analysis in connection with a settlement framework;

  (j) Assistance in the prosecution of Committee responses/objections to the Debtor's motions, including attendance at depositions and provision of expert reports/testimony on case issues as required by the Committee; and

  (k) Render such other general business consulting or such other assistance as the Committee, Stinson, or Fennemore may deem necessary that are consistent with the role of a financial advisor and not duplicative of services provided by other professionals in this proceeding.

11. The Committee requested that FTI commence work in this Chapter 11 Case immediately upon its selection. Accordingly, the Committee seeks approval of FTI's retention effective as of the Selection Date, the first date on which FTI performed services for the Committee. FTI has filed this Application within 30 days of the Selection Date as prescribed by Local Rule 2014-1.

### C. Compensation and Fee Applications

12. Subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses issued by the Office of the U.S. Trustee (the "**Fee Guidelines**") issued by the Executive Office of the U.S. Trustee (the "**EOUST**"), FTI seeks to be compensated on an hourly fee basis, plus reimbursement of actual and necessary expenses incurred by FTI. Actual and necessary expenses would include any reasonable legal fees incurred by FTI related to FTI's retention and defense of fee applications in this case, subject to Court approval. FTI's hourly fees are comparable to those charged by consulting firms for engagements of scope and complexity similar to this Chapter 11 Case.

13. The customary hourly rates, subject to periodic adjustments, charged by FTI professionals anticipated to be assigned to this case are as follows:

///

///

///

| **FTI Professional (United States)** | **Hourly Rate (USD)** |
|---|---|
| Senior Managing Directors | $1,270 - 1,580 |
| Directors/Senior Directors/Managing Directors | $940 - 1,195 |
| Consultants/Senior Consultants | $535 - 850 |
| Administrative/Paraprofessionals | $365 - 395 |

14. FTI will maintain detailed, contemporaneous time records in tenth-of-an-hour increments and apply to this Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Fee Guidelines, and any additional procedures that may be established by the Court in this Chapter 11 Case. FTI has agreed to accept as compensation and reimbursement in such sums as may be allowed by this Court. FTI understands that interim and final fee awards are subject to approval by this Court.

### D. Disclosures Concerning Disinterestedness

15. FTI has informed the Committee that, to the best of FTI's knowledge, information, and belief, other than as set forth in the Tully Declaration, FTI: (a) has no connection with the Debtor, its creditors, or other parties in interest or their respective attorneys or accountants, the U.S. Trustee, any person employed in the office of the U.S. Trustee, or any United States district judge or bankruptcy judge in this district in any matter related to the Debtor or its estate; (b) does not hold any interest adverse to the Debtor's estate; and (c) believes that it is a "disinterested person" as that term is defined in Bankruptcy Code section 101(14). FTI has not provided, and will not provide, any professional services to the Debtor, any of the creditors, other parties-in-interest, or their respective attorneys and accountants with regard to any matter related to this Chapter 11 Case. If any new material facts or relationships are discovered or arise, FTI will inform the Court as required by Bankruptcy Rule 2014(a).

### E. Prepetition Professional Compensation

16. FTI did not provide the Committee or any informal group of creditors of the Debtor with financial advisory services prior to the Selection Date. Accordingly, FTI has not received any prepetition compensation from the Committee or from any of its members.

17. FTI has agreed not to share with any person or firm the compensation to be paid for professional services rendered in connection with this case.

### F. Retention as of the Selection Date

18. Retention as of the Selection Date is appropriate here because this Application was filed within 30 days of the Selection Date, and FTI anticipates that it will provide necessary services to the Committee during the period between the Selection Date and the date the Court enters an order on this Application, as well as thereafter.

### G. Indemnification

19. In addition to the foregoing, and as a material part of the consideration for the agreement of FTI to furnish services to the Committee pursuant to the terms of this Application, FTI believes that the following indemnification terms are customary and reasonable for financial advisors in chapter 11 proceedings:

   a. Subject to the provisions of subparagraphs (b) and (c) below and approval of the Court, the Debtor is authorized to indemnify, and shall indemnify, FTI for any claims arising from, related to, or in connection with FTI's engagement under this Application, but not for any claim arising from, related to, or in connection with FTI's performance of any other services other than those in connection with the engagement, unless such services and indemnification therefor are approved by this Court; and

   b. The Debtor shall have no obligation to indemnify FTI for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen primarily from FTI's gross negligence, willful misconduct, breach of fiduciary duty (if any), bad faith, or fraud, unless the Court determines that indemnification would be permissible pursuant to applicable law, or (ii) settled prior to a judicial determination as to FTI's gross negligence, willful misconduct, breach of fiduciary duty (if any), bad faith, or fraud, but determined by this Court, after notice and a hearing, to be a claim or expense for which FTI is not entitled to receive indemnity under the terms of this Application; and

c.  If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in this case (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing this chapter 11 case, FTI believes that it is entitled to the payment of any amounts by the Debtor on account of the Debtor's indemnification obligations under the Application, including, without limitation, the advancement of defense costs, FTI must file an application in this Court, and the Debtor may not pay any such amounts to FTI before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by FTI for indemnification, and not as a provision limiting the duration of the Debtor's obligation to indemnify FTI.

d.  The Committee believes that indemnification is customary and reasonable for financial advisors in chapter 11 proceedings. *See In re Fraser's Boiler Serv., Inc.*, 593 B.R. 636, 641–42 (Bankr. W.D. Wash. 2018) (Ninth Circuit bankruptcy courts commonly allow exculpation clauses for professionals).

**Basis for Relief Requested**

20. The Committee seeks approval of the Application pursuant to Bankruptcy Code section 1103. Bankruptcy Code section 1103(a) provides, in relevant part, that a creditors' committee, with the Court's approval, "may select and authorize the employment by such committee of one or more attorneys, accountants, or other agents, to represent or perform services for such committee." 11 U.S.C. § 1103(a). The employment of FTI by the Committee is reasonable and in line with the terms and conditions typical for engagements of this size and character. Because the Committee will require substantial assistance with this chapter 11 case, it is reasonable for the Committee to seek to employ and retain FTI to serve as its financial advisor on the terms and conditions in this Application.

21. FTI's fee structure is fair and reasonable in light of the services being provided and commensurate with the fee structures generally offered by firms of similar stature to FTI for comparable engagements. In addition, given the numerous issues FTI may need to address during

1　this Chapter 11 Case, FTI's commitment to the variable level of time and effort necessary to
2　address all such related issues as they arise, and the market prices for FTI's services for
3　engagements of this nature in an out-of-court context, the Committee has determined that the FTI
4　fee arrangement is fair and reasonable.

5　　　　22.　Finally, to the best of the Committee's knowledge, information, and belief, FTI
6　does not have any interest materially adverse to the Debtor's estate or any class of creditors or
7　equity security holders, by reason of any direct or indirect relationship to, connection with, or
8　interest in, the Debtor, or for any other reason. Further, the Committee understands that FTI
9　believes it is disinterested because, to the best of FTI's knowledge, information, and belief, FTI
10　has no connection with the Debtor, its creditors, or any other party-in-interest, except as disclosed
11　in the Tully Declaration.

### No Duplication of Services

13　　　　23.　The services that FTI will provide to the Committee will be appropriately directed
14　by the Committee and its counsel so as to avoid duplication of efforts among the other
15　professionals retained in this Chapter 11 Case and performed in accordance with applicable
16　standards of the profession. FTI will work collaboratively with the Committee and other
17　professionals employed by the Committee to avoid duplication of services. The Committee
18　believes that the services to be provided by FTI will complement and will not be duplicative of
19　any services of the Committee's other professionals.

### No Prior Request

21　　　　24.　No prior Application for the relief requested herein has been made to this or any
22　other Court.

### NOTICE

24　　　　25.　Notice of this Application will be provided to (i) the Office of the United States
25　Trustee for Region 17 (Attn: Peter C. Anderson, Esq.); (ii) the Debtor; and (iii) those persons who
26　have formally appeared in this Chapter 11 Case and requested service pursuant to Bankruptcy
27　Rule 2002. The Committee respectfully submits that pursuant to the *Interim Order Granting*
28　*Debtor's Motion to (1) Establish Notice Procedures, (2) File Confidential Information Under*

1 *Seal, and (3) Temporarily Suspend Deadline for Filing Nongovernmental Proofs of Claims*
2 [Docket No. 72] no further notice is required.
3     **WHEREFORE**, the Committee requests that the Court approve FTI's employment under
4 the terms specified herein and enter an order substantially in the form of the Proposed Order.

Dated: October 10, 2025      **THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE ROMAN CATHOLIC BISHOP OF FRESNO**

By: */s/ Frankie Cowan* ,
Frankie Cowan, solely in her capacity as the Co-Chairperson of the Official Committee of Unsecured Creditors and not in his personal capacity

By: */s/ John Reichel* ,
John Reichel, solely in his capacity as the Co-Chairperson of the Official Committee of Unsecured Creditors and not in his personal capacity